# Richmond

WELDING ENGINEERS, INC., ET ALS V. GENESTA SPARROW
SHUFFLEBARGER.

December 6, 1943.

Record No. 2740.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Leon T. Seawell*, for the appellants.

*W. W. Elliott*, for the appellee.

GREGORY, J., delivered the opinion of the court.

Frank D. Shufflebarger was an employee of the appellant at the Army Base at Norfolk as a welder. His employer was engaged in the construction of a ship, and upon the deck there was a metal tank 10 feet long and 2½ feet in diameter. There was a defect in the tank which caused it to leak. One-eighth of an inch of water was in the tank. The employee was directed to correct the defect in the tank by the appropriate use of welding. In order to do this it was necessary for him to crawl into the tank. The weather was warm. He carried into the tank an electrode, an air hose and an electric light attached to an extension cord. Edwards, another employee, was working just behind Shufflebarger at the end of the tank. Shufflebarger was in the tank about 3 minutes and had completed the work. He was in the act of passing the electrode over his shoulder to Edwards to be taken out of the tank when he suddenly collapsed as he lay upon the electric cord and some pipes in the bottom of the tank. The electric light was burning and immediately under the left side of his chest. Edwards seeing this, and fearing that the light would burn him, gave the cord a jerk and it parted. Shufflebarger was then taken out of the tank.

The coroner stated the cause of death "unknown" but held up the death certificate. Later, after further information had been furnished him and he had considered the burn on Shufflebarger's chest, he was of opinion that Shufflebarger died of "probable electrocution".

Shufflebarger's body was damp with perspiration while he was in the tank and the electric light cord had been severed a short time before, but it had been repaired by wrapping tape around it. Burns were seen on the deceased at the time he was lying in the tank, and also after he was taken out of the tank. There was a large burn on the left side of his chest. Witness Gearheart, who removed Shufflebarger from the tank said: "I saw flash in dark there since light gone out. I saw the flash, I don't know which one it was, electrode or light. Showed that one or the other was defective".

Shufflebarger was 32 or 34 years of age and in good health. A short time prior to his death he had been sick with grippe, and at that time his heart was examined and found in good condition. No one had ever heard of his complaining of heart trouble. Just prior to going in the tank he appeared to be in good health.

There was no conflict in the evidence in any material particular. The employer contends that it did not justify the Commission in the finding that Shufflebarger was electrocuted. The conclusion of the Commission, expressed in the comprehensive opinion of Deans, Commissioner, in part, is as follows:

"The testimony of Dr. Berblinger and that of the coroner both rule out heart condition as the cause of death. The evidence as a whole indicates that this employee was working in this drum, 2½ feet in diameter and 10 feet long, there was some water in the bottom of it and his clothes were damp. He had just repaired a leak with the electrode and was passing the cord, by which the current was furnished to the electrode, to another workman, and at the same time was lying on the light cord when he collapsed. There is nothing to indicate that death was due to causes other than that of electrocution. The widow was asked to permit an autopsy and gave a satisfactory reason for not complying with the request—that is, that the body had been interred; that had request been made before burial she would have complied. See *Hinton* v. *Virginia-Carolina Chemical Co.*, 9 O. I. C. 200, which presents facts very similar to those under consideration. Compensation was awarded for death due to electrocution.

"The finding is made that Frank D. Shufflebarger sustained injuries by accident arising out of and in the course of his employment with Welding Engineers, Incorporated, on August 29, 1942, due to electrocution and which resulted in death."

The facts and circumstances and the reasonable inferences to be drawn therefrom, in our opinion, amply support the conclusion of the Commission.

This is not a case where the cause of death shown by the evidence might have been due either to heart failure or to an accident, because there is an entire absence of any evidence that he had heart trouble. In fact, the evidence discloses that he did not have any disease of the heart. That he died of heart trouble, or that he died as a result of accident, are theories not equally compatible with the evidence. The evidence rules out all causes of death except electrocution, an accident, and from it the reasonable inference to be drawn is that he died as a result of an accident.

Attorney for the claimant has applied for an additional attorney's fee for representing the claimant in this court. This application should be considered by the Commission in the exercise of its discretion. For that purpose the cause will be remanded.

*Affirmed and remanded.*